UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 16-cv-20466
Hon. Matthew F. Leitman

v.

JARED PATRICK LOCKWOOD,

    Defendant.
_____/

**<u>ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF #21); (2) DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255 AS MOOT (ECF #19); AND (3) DENYING CERTIFICATE OF APPEALABILITY</u>**

On June 23, 2016, Defendant Jared Lockwood ("Lockwood") was charged in an indictment with (1) manufacture of an unregistered destructive device, (2) possession of an unregistered destructive device, (3) a false statement or representation made to a department or agency of the United States, and (4) a false declaration before court. (*See* ECF #1.) On August 23, 2016, pursuant to a Rule 11 plea agreement, Lockwood pleaded guilty to two counts in the indictment, Count One: Manufacture of Unregistered Destructive Devices and Count Four: False Declaration Before the Court. (*See* Rule 11 Plea Agreement, ECF #12.) As part of that agreement, Lockwood waived any right to appeal his conviction, and he waived any right to appeal his sentence if the Court imposed a sentence that did not exceed

1

120 months. (*See id.* at §§ 3, 8, Pg. ID 42, 45.) The Court imposed a sentence of imprisonment of 120 months on Count One and 60 months on Count Four. (*See* ECF #16 at Pg. ID 193.) The first 90 months of the 120-month sentence was to be served concurrent with the sentence in *United States of America v. Lockwood*, Case No. 16-CR-20008, and concurrent with the 60-month sentence on Count 4, and the final 30 months was to be served consecutive to the sentence in *United States of America v. Lockwood*, Case No. 16-CR-20008. (*See id.*) The Court entered its Judgment on December 21, 2016. (*See id.*) Lockwood did not appeal his sentence.

On January 5, 2018, Lockwood filed a motion for an extension of time to file a motion to vacate his sentence.[1] (*See* ECF #19.)

On January 18, 2018, Lockwood filed a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255. (*See* ECF #21.) He identifies the ground for this motion as: "The sentence imposed intentionally shirks the agreement and defeats the nature an [sic] spirit of the Rule 11 plea." (*Id.* at Pg. ID 216.) In support, he argues the following:

---

[1] A defendant is required to file his motion to vacate the sentence within one year "after the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). In this case, the Court entered the Judgment on December 21, 2016 (*see* ECF #16), and the judgment became final 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.").

2

> On 12/13/2016, I was sentenced to 120 months on Count 1. 90 months served concurrent with sentence imposed in 16-cr-20008 (108 months) and 30 months served consecutive to 16-cr-20008 making an actual total sentence of 138 months.
>
> The agreed guideline range was 110-137 months, with a statutory maximum of 120 months. Due to a partial consecutive sentence I received an overall sentence outside of the guideline range, and above the statutory max.

(*Id.*)

For the reasons that follow, Lockwood's motion to vacate his sentence is **DENIED**.

First, Lockwood has procedurally defaulted his claim because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). Lockwood has not demonstrated either cause or actual prejudice or that he is innocent. Therefore, his argument is procedurally defaulted.

Second, in any event, Lockwood's claim fails on the merits. His sentence of 120 months did not exceed the maximum sentence allowed under the plea agreement, nor did it exceed the statutory maximum. In fact, the sentence was a break for Lockwood because the Court ran the vast majority of the sentence

concurrent to his sentence in *United States v. Lockwood* (Case No. 16-20008). Lockwood has not shown any error in the sentence imposed.

Finally, Lockwood is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c), because he has not made a substantial showing of the denial of a constitutional right. Moreover, reasonable jurists could not debate the correctness of the Court's denial of Lockwood's motion, and the issues raised by Lockwood do not deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (setting forth standards for granting a certificate of appealability).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Lockwood's motion for relief from sentence is **DENIED**;

2. Lockwood is **DENIED** a certificate of appealability; and

3. Lockwood's motion for an extension of time to file his motion to vacate under 28 U.S.C. § 2255 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: January 25, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2018, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764

Dated: January 25, 2018